UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | | |
|---|---|---|---|
| JOE JOHNSON, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV411-134 |
| | ) | | CR409-003 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

Joe Johnson moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) For the following reasons, his motion should be **DENIED**.

## I. BACKGROUND

On September 24, 2008, law enforcement agents pursued a wanted suspect to the house that movant shared with his girlfriend, Latoyia Owens. (Presentence Investigation Report ("PSI") ¶ 4.) Owens permitted them to enter and search the home. (*Id.*) They discovered cocaine in Owens' diaper bag and several firearms. (*Id.*) Based upon

---

[1] Unless otherwise noted, citations are to the docket in Johnson's civil case, CV411-134. "Cr. doc." refers to documents filed under his criminal case, CR409-003. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

those discoveries, they obtained a warrant to search the residence and arrest Johnson. (*Id.* ¶¶ 5-6.) They executed the warrant on October 20, 2008. (*Id.*) During the search agents discovered a .40 caliber Glock pistol, numerous bags of marijuana, documents bearing Johnson's name, his identification card, and digital scales and baggies. (*Id.* ¶¶ 5-6.) Johnson, a convicted felon, admitted possession of the firearm and marijuana. (*Id.* ¶¶ 7-8.) A federal grand jury indicted him for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). (Cr. doc. 1.) Johnson pleaded guilty to the charge (cr. doc. 39 (plea agreement)) and was sentenced to 115 months' imprisonment. (Cr. doc. 40 (judgment).)

The Eleventh Circuit Court of Appeals affirmed his sentence. *United States v. Johnson*, 368 F. App'x 77, 80 (11th Cir. 2010). Thereafter, he filed the instant motion to set aside his sentence pursuant to § 2255 raising three grounds for relief:

(1) the September 24, 2008 search was illegal, since agents entered the house to seize the fleeing suspect without a search warrant or Johnson's consent;

(2) the October 16, 2008 search was illegal, since the warrant was overly broad and generic;

(3) counsel rendered deficient performance by failing to move to suppress items discovered during both searches prior to the entry of the guilty plea.[2]

(Doc. 1 at 4; doc. 3 at 1-2 (amended § 2255 motion).)

## II. ANALYSIS

A defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). That is, a "defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam). That bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563 at 569 (1989).

---

[2] The Court has combined Johnson's two ineffectiveness claims into a single ground.

3

Here, Johnson suggests that his plea was not knowing and voluntary since he was pressured to enter the plea by his attorney's refusal to file two suppression motions. (Doc. 1 at 4.) The record shows otherwise. Johnson testified at the plea hearing that he understood the charges, had sufficient time and opportunity to discuss the matter with his attorney, and was not coerced to enter the plea. (Cr. doc. 50 at 5-6, 10-11.) His plea admission, made while under oath, "carr[ies] a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Indeed, in cases like this one, where "the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (affirming district judge's denial of a defendant's motion to withdraw his guilty plea). The only way Johnson could conceivably undermine his sworn declarations, then, would be to show both that he swore falsely and that he did so due to some failing by his attorney. He has not come close to meeting that burden.

The suppression issues, which are non-jurisdictional, were thus waived by Johnson's knowing and voluntary guilty plea.[3] *See United States v. White*, 136 F. App'x 227, 228 (11th Cir. 2005) ("A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea.") (citing *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973)).[4] And Johnson's companion ineffective-assistance claims, which relate to pre-plea deficient performance, are too tenuously connected to the plea itself to merit serious inquiry. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("Wilson's claim of ineffective assistance is not about his decision to plead guilty . . . [so] the Court did not err in dismissing Wilson's claim, as it involves pre-plea issues, without conducting an evidentiary hearing); *Hutchins v. Sec'y for Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008).

Out of an abundance of caution, however, the Court will address the ineffectiveness claims under *Hill v. Lockhart*, 474 U.S. 52, 59 (1985),

---

[3] The only way Johnson could have preserved the claims would have been to enter "a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155. He did not do so.

[4] *McCoy* is binding Eleventh Circuit authority. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

which advanced a slightly modified version of the ineffective assistance of counsel test first announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that test, when a movant raises a plea-advice deficient performance claim, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett*, 411 U.S. at 267. Second, he must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59. Applying those principles, it is clear Johnson fails to show any deficiency on counsel's part.

As to the first search, the PSI shows that Owens, who resided in with Johnson, consented to the agents' entrance and search of the residence. (PSI ¶ 4.) While Johnson states that the agents did not obtain *his* consent, they were not obligated to do so. It is well established that "[t]hird-parties may consent to a warrantless search when they possess 'common authority over or other sufficient relationship to the premises

or effects sought to be inspected.'" *United States v. Vallimont*, 378 F. App'x 972, 974 (11th Cir. 2010) (citing *United States v. Matlock*, 415 U.S. 164, 171 (1974)). Indeed, a co-habitant's consent is valid where he or she "has mutual use of the property, with joint access to or control of the area for most purposes." *United States v. Harris*, 526 F.3d 1334, 1349 (11th Cir. 2008) (citing *Matlock*, 415 U.S. at 171).[5] Absent some reason to believe that Johnson's *specific* consent was necessary to perform the search, his attorney had no reason to file a suppression motion. Counsel's refusal to file a doomed suppression motion can hardly have given rise to any untoward pressure to plea. (Doc. 1 at 4 ("Counsel ignored the requests [to file the motion to suppress] which pressured petitioner to plead guilty.")). Johnson has not shown that counsel's pre-plea advice was unsound.

Johnson's second ineffectiveness claim -- that the warrant was overly broad and generic -- is impermissibly conclusory. (Doc. 3 at 1.)

---

[5] Even assuming the agents' initial entry was not made pursuant to consent, Johnson has not shown a lack of exigent circumstances. Courts have uniformly held that exigent circumstances provide an exception to the Fourth Amendment warrant requirement when police officers are in hot pursuit of a fleeing felon. *See, e.g., United States v. Burgos*, 720 F.2d 1520, 1525-26 (11th Cir. 1983) (citing *United States v. Santana*, 427 U.S. 38, 42-43 (1976)).

Johnson has neither submitted the warrant itself nor explained what made it overly broad or generic. Such conclusory allegations simply do not merit relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the Strickland ineffective assistance of counsel test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

It is clear from the record that Johnson knowingly and voluntarily pled guilty. The record also shows that counsel performed admirably. A strict application of the United States Sentencing Guidelines would have resulted in a 120-month sentence -- the statutory maximum. (PSI ¶ 59.) The sentencing judge, however, imposed a 115-month sentence based, in

large part, upon counsel's exemplary performance. (Cr. doc. 49 at 28 (sentencing tr.).) Accordingly, Johnson's claims fail.[6]

---

[6] As an additional ground for dismissal, the government correctly points out that Johnson's amended claims regarding the September 24, 2008 search are untimely and do not relate back to the time Johnson filed his initial § 2255 petition. (Doc. 7 at 2-7.) The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended § 2255 to require a movant to file a § 2255 motion within one year of the date movant's conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, Johnson's case became final on Monday May 31, 2010 -- 90 days after the Eleventh Circuit affirmed his sentence on appeal. *United States v. Johnson*, 368 F. App'x 77 (11th Cir. 2010); *see Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup. Ct. R. 13.1 (Johnson had 90 days after the Eleventh Circuit opinion to petition the Supreme Court for certiorari). His motion to amend, however, was not filed until June 2010. (Doc. 3.)

Under Rule 12 of the Rules Governing § 2255 Proceedings for the United States District Courts, a court may apply the Federal Rules of Civil Procedure in a lawful manner not inconsistent with the Rules governing § 2255 Proceedings. Federal Rule of Civil Procedure 15 permits a party to amend his pleading "once as a matter of course at any time before a response pleading is served." However, Rule 15(c) permits an amendment of a pleading to relate back to the date of the original pleading only when the claim asserted in the amended pleading arises out of the same conduct, transaction, or occurrence set forth in the original pleading. Johnson's new claims related to a separate search. Consequently, since the motion for leave to amend was filed more than one year after his conviction became final, it is time-barred under the one-year statute of limitations imposed by AEDPA. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) (holding that "an amended habeas petition . . . does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth"); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999) (concluding that amendments to timely filed § 2255 motions were time-barred and could not relate back to the original filing date because the amendments failed to satisfy Fed. R. Civ. P. 15(c)(1)'s "same conduct, transaction, or occurrence" standard for permitting relation back); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (same).

## III. CONCLUSION

For the foregoing reasons, Johnson's § 2255 motion (docs. 1 & 3) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __1st__ day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA